```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

---------------------------------------x
MEHMET BICI,                           :
                                       :
             Plaintiff,                :
                                       :
v.                                     :  Civil No. 3:10CV1991 (AWT)
                                       :
JANET NAPOLITANO, in her capacity      :
as the Secretary of the Department    :
of Homeland Security;                  :
UNITED STATES CITIZENSHIP AND          :
IMMIGRATION SERVICES;                  :
FRAN HOLMES, District Director         :
Buffalo District; and                  :
ETHAN ENZER, Officer in Charge,        :
Hartford Sub-Office,                   :
                                       :
             Defendants.               :
---------------------------------------x
```

## RULING ON MOTION TO DISMISS

The plaintiff, Mehmet Bici, is a native and citizen of the former Yugoslavia, now Kosovo, who resides in Greenwich, Connecticut. The plaintiff's complaint challenges a decision by the United States Citizenship and Immigration Services ("USCIS") denying the plaintiff permission to reapply for admission to the United States after deportation or removal under Section 212(a)(9)(A)(iii) of the Immigration Nationality Act, 8 U.S.C. § 1182(a)(9)(A)(iii). The plaintiff claims the court has jurisdiction pursuant to 8 U.S.C. § 1329 (section 279 of the Immigration and Nationality Act ("INA")); 28 U.S.C. §§ 1331 and 1361 (federal question and the Mandamus Act); and 5 U.S.C. § 702 (the Administrative Procedures Act ("APA")).

### I.  Factual Background

On June 30, 2008, the plaintiff filed a Form I-212 application

-1-

seeking to reapply for admission to the United States after deportation or removal.  On June 1, 2009, the USCIS District Director denied the I-212 application as a matter of discretion, concluding that the unfavorable factors outweighed the favorable factors in the plaintiff's case.  Among the unfavorable facts cited by the USCIS are the plaintiff's: (a) conviction[1] for criminal assault in Stamford, Connecticut; (b) subsequent departure from the United States that was possibly in violation of the terms of an accelerated pretrial rehabilitation program under Conn. Gen. Stat. § 54-56e; (c) declining to surrender for deportation; (d) self-deportation from the United States on December 27, 2004; and (e) re-entry into the United States on January 13, 2005.  After a review of the record and consideration of the above five factors, among others, the USCIS Administrative Appeals Office ("AAO") denied the plaintiff's appeal of the June 1, 2009 decision on October 18, 2010, relying on 8 U.S.C. § 1182(a)(9)(A)(iii).

The defendants move to dismiss this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**II.  Legal Standard**

"[T]he standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical."  Moore v. PaineWebber Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999).  When deciding a motion to dismiss under Rule

---

[1] The parties disagree as to whether the definition of the term "conviction" under 8 U.S.C. 1101(a)(48)(A) includes a matter disposed of under Connecticut's accelerated pretrial rehabilitation program pursuant to Conn. Gen. Stat. § 54-56e.  However, that point is not material to the resolution of this motion.

12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New

Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

**III. Discussion**

The REAL ID Act of 2005, 8 U.S.C. § 1252 (the "REAL ID Act"), divests federal district courts of jurisdiction to review challenges to removal orders. Review of a removal order may only be sought in the appropriate court of appeals. See De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 617 (2d Cir. 2007); Marquez-Almanzar v. INS, 418 F.3d 210, 215 (2d Cir. 2005). "[S]ection 1252(a)(5) would clearly preclude the district court's entertaining of a direct challenge to a removal order[.]" Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011). As a result of the REAL ID Act,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

8 U.S.C. § 1252(a)(5). In addition:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court

-4-

>     shall have jurisdiction . . . by any other
>     provision of law (statutory or nonstatutory), to
>     review such an order or such questions of law or
>     fact.

8 U.S.C. § 1252(b)(9). Federal district courts are precluded from ordering the favorable adjudication of an I-212 application because "section 1252(a)(5)'s jurisdictional bar applies equally to preclude . . . an indirect challenge." Quarantillo, 643 F.3d at 55. In this case, "[o]btaining [an I-212] waiver is a necessary prerequisite to [the] ultimate goal of adjustment of status." Quarantillo, 643 F.3d at 55. Therefore, the court does not have jurisdiction to consider the plaintiff's request for an order directing the defendants to grant his application to reapply for admission into the United States.

In addition, this court does not have jurisdiction under the APA because "[t]he APA explicitly does not apply 'to the extent that . . . statutes preclude judicial review,' 5 U.S.C. § 701(a)(1), as the REAL ID Act does in this instance." Quarantillo, 643 F.3d at 55 (citing Lee v. U.S. Citizenship and Immigration Servs., 592 F.3d 612, 620 (4th Cir.2010) ("The claim raised in [the alien's] APA action falls squarely within the scope of § 1252(a)(2)(B)(i). Although Lee's claim in his amended complaint is carefully worded to avoid expressly challenging the denial of his application for adjustment of status, that is clearly what Lee seeks to do.")). Nor may this court allow the plaintiff "to evade the restrictions of section 1252(a)(5) by styling [his] challenge as a mandamus action in order to claim jurisdiction under 28 U.S.C. § 1361." Quarantillo, 643 F.3d at 56 (citing Lang v. Napolitano, 596 F.3d 426, 429 (8th Cir. 2010) (holding that there was an "obvious lack of district court jurisdiction" over claim for

"injunctive and mandamus relief that would prohibit the agency from 'executing' [ ] removal order")).

**IV. Conclusion**

For the reasons set forth above, the defendants' Motion to Dismiss (Doc. No. 12) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 28th day of February, 2012 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
